TROY LAW, PLLC
41-25 Kissena Boulevard Suite 110
Flushing, NY 11355
Tel: (718) 762-1324
*Attorney for the Plaintiff, proposed FLSA Collective and potential Rule 23 Class*

| | |
|---|---|
| **UNITED STATES DISTRICT COURT**<br>**DISTRICT OF RHODE ISLAND**<br>------------------------------------------------------------------ x<br>WANG LIN,<br>*on his own behalf and on behalf of others similarly situated*<br>　　　　　　　　　　　Plaintiff,<br>　　　　　　　v.<br>AYAME HIBACHI LLC<br>　　d/b/a Ayame Hibachi;<br>BO WEI ZHU<br>　　a/k/a Bowei Zhu, and<br>LEO "DOE"<br>　　　　　　　　　　　Defendants.<br>------------------------------------------------------------------ x | Case No. 22-cv-00430<br><br>**29 U.S.C. § 216(b)**<br>**COLLECTIVE ACTION &**<br>**FED. R. CIV. P. 23 CLASS**<br>**ACTION**<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff WANG LIN (hereinafter referred to as "WANG LIN" or "Plaintiff"), on behalf of himself and others similarly situated, by and through his attorney, Troy Law, PLLC, hereby brings this complaint against Defendants AYAME HIBACHI LLC d/b/a Ayame Hibachi (hereinafter referred to as "Ayame Hibachi" or "Corporate Defendant"); BO WEI ZHU a/k/a Bowei Zhu, and LEO "DOE" (hereinafter collectively referred to as "Individual Defendants") (collectively with Corporate Defendnat referred to as "Defendnats"), and alleges as follows:

## INTRODUCTION

1. This action is brought by the Plaintiff WANG LIN, on behalf of himself as well as other employees similarly situated, against the Defendants for alleged violations of the Fair Labor Standards Act, (FLSA) 29 U.S.C. § 201 *et seq.* and Rhode Island General Law

(RIGL), arising from Defendants' various willful, malicious, and unlawful employment policies, patterns and practices.

2. WANG LIN alleges pursuant to the FLSA that he is entitled to recover from the Defendants: (1) unpaid wages, (2) unpaid overtime wages, (3) liquidated damages, and/or (4) attorneys' fees and costs.

3. WANG LIN alleges pursuant to RIGL that he is entitled to recover from the defendants: (1) unpaid wages; (2) unpaid overtime wages, (3) liquidated damages, (4) prejudgment and post judgement interest, and/or (5) reasonable attorney's fees and costs.

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction over this controversy under Section 216(b) of the FLSA and Section 1331 of Title 28 of the United States Code.

5. The Court has supplemental jurisdiction over WANG LIN's state-law claims under Section 1367, Subsection (a) of Title 28 of the United States Code.

6. Venue is proper in the United States District Court for the District of Rhode Island and because the acts and omissions giving rise to the claims alleged herein took place within the District of Rhode Island.

## PLAINTIFF

7. WANG LIN was employed by the Defendants from on or about December 10, 2021 to March 02, 2022 to work as a Chef at defendant's restaurant, AYAME HIBACHI LLC d/b/a Ayame Hibachi located at 269 Thayer Street Providence, RI 02906.

## DEFENDANTS

*Corporate Defendant*

8. Ayame Hibachi throughout the period relevant to this lawsuit, and remains, a domestic business corporation with a registered address 269 Thayer Street Providence, RI 02906.

9. Ayame Hibachi during the period relevant to the lawsuit was a business with a gross annual revenue in excess of $500,000.00 per year.

10. Ayame Hibachi during the period relevant to the lawsuit was a business engaged in interstate or foreign commerce.

11. Ayame Hibachi during the period relevant to this lawsuit is a business that employed less than ten (10 employees.

*Owner/Operator Defendants*

12. BO WEI ZHU is the owner and known as the "Big Boss" of Ayame Hibachi.

13. BO WEI ZHU throughout the period relevant to this lawsuit an active day-to-day manager at Ayame Hibachi and was known to WANG LIN as the boss.

14. BO WEI ZHU throughout the period relevant to the lawsuit hired each of the employees who worked at Corporate Defendant; had the power to fire them; determined the schedule and conditions of employment for each of the employees at corporate defendant and paid them and; kept the records for corporate defendant.

15. BO WEI ZHU acted willfully, intentionally and maliciously and is an employer within the meaning of the FLSA and RIGL and is jointly and severally liable with Corporate Defendant.

16. LEO "DOE" is the owner and Small Boss of Ayame Hibachi.

17. LEO "DOE" throughout the period relevant to this lawsuit an active day-to-day

manager at Ayame Hibachi and was known to WANG LIN as the Manager.

18. LEO "DOE" actually hired WANG LIN.

19. LEO "DOE" actually paid WANG LIN

20. LEO "DOE" throughout the period relevant to the lawsuit hired each of the employees who worked at Corporate Defendant; had the power to fire them; determined the schedule and conditions of employment for each of the employees at corporate defendant and paid them and; kept the records for corporate defendant.

21. LEO "DOE" acted willfully, intentionally and maliciously and is an employer within the meaning of the FLSA and RIGL and is jointly and severally liable with Corporate Defendant.

## STATEMENT OF FACTS

22. Defendants did not post labor law notice posters required by RIGL §28-12-11.

23. WANG LIN was employed by the Defendants from December 10, 2021 to March 02, 2022 to work as a Chef at Defendants restaurant, Ayame Hibachi.

24. Throughout WANG LIN's employment he worked sixty-six (66) hours per week: 11:00 hours (11:00 am) to 22:00 hours (10:00 pm) for eleven (11) hours per day for three (3) days per week; 11:00 hours (11:00 am) to 23:00 hours (11:00 pm) for twelve (12) hours for one (1) day per week; 12:00 hours (12:00 pm) to 23:00 hours (11:00 pm) for eleven (11) hours for one (1) day per week and 12:00 hours (12:00 pm) to 22:00 hours (10:00 pm) for ten (10) hours for one (1) day per week.

25. WANG LIN did have two meal breaks that lasted five minutes but even then he was not fully relieved of his duties for if a customers order came he would have to stop his break and cook the customers food.

26. During WANG LIN's employment he was promised by defendants to be paid four thousand two hundred dollars ($4,200.00) per month.

27. Although the defendants promised to pay him $4,200 per month defendants failed to pay WANG LIN after December 31, 2021 for his wages.

28. As a result of defendant's failure to pay plaintiff defendants owe WANG LIN around eight thousand four hundred dollars ($8,400.00) in back wages for the two additional months that plaintiff worked that he was not paid for.

29. Defendants did not keep records of WANG LIN's pay.

30. WANG LIN's flat compensation that he was supposed to receive did not include pay for any hours worked in a week beyond the fortieth (40th) hour.

31. Defendants failed to provide WANG LIN a wage statement with each payment of wages listing the following: the dates of work covered by that payment of wages; her name; her employer's name, address, and telephone number; her regular and overtime rates of pay and the bases thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; her gross wages; any deductions from her wages; any allowances claimed as part of the minimum wage; and her net wages.

32. Defendants committed the foregoing acts knowingly, intentionally, willfully and maliciously against WANG LIN, the collective and the class.

## COLLECTIVE ACTION ALLEGATIONS

33. Plaintiff brings this action individually and as class representative individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom were not compensated at their promised

hourly rate for all hours worked and at one and one half times their promised work for all hours worked in excess of forty (40) hours per week (the "Collective Action Members").

## CLASS ACTION ALLEGATIONS

34. WANG LIN brings his state-law claims as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of all other current and former non-exempt workers employed by Defendants over the three years preceeding the filing of this complaint through the entry of judgement.

35. The Class members are readily ascertainable. The Class members' number, names, addresses, positions held, hours assigned and worked, and rates of pay are determinable from Defendants' records. Notice can be provided by means permissible under Rule 23

### *Numerosity*

36. The Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

37. Although the precise number of such persons is unknown, and the facts on which the calculation of the precise number are presently within the sole control of Defendants, upon information and belief, there are more than 40 members of the Class.

### *Commonality*

38. There are questions of law and fact common to the Class which predominate over any questions affecting individual members, including: (1) whether Defendants employed the Class members within the meaning of the Rhode Island General Law; (2) whether the Class members were paid all their wages; (3) whether the Class members were paid overtime; and (4)

whether the Class members were provided with wage statements adequate under Section 28 of the RIGL

### *Typicality*

39. WANG LIN's claims are typical of those claims which could be alleged by any Class member, and the relief sought is typical of the relief that would be sought by any Class member in a separate action.

40. All the Class members were subject to the same policy and practice of denying minimum wages, overtime, and spread of time.

41. Defendants' policy and practice affected all Class members similarly, and Defendants benefitted from the same type of unfair and/or wrongful acts as to each Class member.

42. WANG LIN and the other Class members sustained similar losses, injuries, and damages arising from the same unlawful policy and practice.

### *Adequacy*

43. WANG LIN is fairly and adequately able to protect the interests of the Class and has no interests antagonistic to the Class.

44. WANG LIN is represented by attorneys who are experienced and competent in representing plaintiffs in both class actions and wage-and-hour employment litigations.

### *Superiority*

45. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage-and-hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant.

46. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of efforts and expenses that numerous individual actions engender.

47. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them.

48. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.

49. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties.

50. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

51. Upon information and belief, Defendants and other employers throughout the state violate the Rhode Island General Laws.

52. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.

53. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment.

54. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks

## STATEMENT OF CLAIMS

### COUNT I.
**[Violations of the RIGL §28-14-2- Failure to Pay Unpaid Wages Timely Brought on Behalf of the Plaintiff and the Collective]**

55. Plaintiffs reassert and incorporate herein each and every allegation in the preceding paragraphs of this Complaint as if set forth fully in this count of the Complaint.

56. Pursuant to §28-14-2, "Every employer shall establish a regular payday on which wages shall be paid in full in lawful money of the United States, or checks on banks convertible into cash on demand at full face value. Each employee must be notified in writing, or by posted notice that may readily be seen by all employees, of a change in the scheduled payday at least three (3) paydays in advance of a scheduled change. Each scheduled payday shall fall within nine (9) days of the end of the payroll period for which wages are computed unless prevented by inevitable casualty; provided, that if the ninth (9th) day is a holiday, payment upon the next business day shall be deemed a compliance with the terms of this section; and provided, further, that if at any time of payment any employee is absent from his or her place of labor, he or she shall be entitled to payment on demand at any time thereafter."

57. Defendants failed to establish a regular pay day when they failed to pay plaintiff for the time that he worked with them.

58. Defendants' failure to pay plaintiff for the last two months also falls well

outside of the nine (9) day period that defendants have to set a pay day for plaintiff.

59.     Defendants knowingly, willfully, and maliciously disregarded plaintiffs pay and the provisions as to when to pay WANG LIN and the Class

**COUNT II.**
**[Violation of 29 U.S.C. §207(a)(1)—Failure to Pay Overtime Brough on Behalf of Plaintiff and the Collective]**

60.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

61.     Section 207(a)(1) of the FLSA provides that "[e]xcept as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

62.     Throughout her employment, WANG LIN was paid a flat salary that did not include additional pay at time-and-a-half for overtime.

63.     Section 216(b) of the FLSA provides that "[a]ny employer who violates the provisions of… section 207 of this title shall be liable to the employee or employees affected in the amount of their… unpaid overtime compensation… and in an additional equal amount as liquidated damages," and further provides that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action."

64. Defendants knowingly, willfully, and maliciously disregarded the provisions of the FLSA by failing to pay WANG LIN overtime.

## COUNT III
**Violation of the RIGL §28-12-4.1(a)—Failure to Pay Overtime Wages Brought on Behalf of the Plaintiff and the Class**

65. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

66. Pursuant to RIGL §28-12-4.1(a) "Except as otherwise provided in this chapter, no employer shall employ any employee for a workweek longer than forty (40) hours unless the employee is compensated at a rate of one and one-half (1½) times the regular rate at which he or she is employed for all hours worked in excess of forty (40) hours per week."

67. Throughout his employment, WANG LIN was paid a flat salary that did not include additional pay at time-and-a-half for overtime.

68. Defendants failed to pay WANG LIN at a rate one and a half times his regular rate for all hours that he worked over forty (40) hours.

69. Defendants knowingly, willfully, and maliciously disregarded the provisions of the RIGL by failing to pay WANG LIN overtime.

## COUNT IV.
**Violation of the RIGL §28-14-2.1(a)—Failure to Provide Wage Statements Brought on Behalf of the Plaintiff and the Class**

70. Plaintiffs reassert and incorporate herein each and every allegation in the preceding paragraphs of this Complaint as if set forth fully in this count of the Complaint.

71. Pursuant to RIGL §28-14-2.1 "(a) On every regular payday, every employer shall furnish to any employee the following: (1) A statement of the hours worked by that employee during the applicable pay period; provided, that the statement need not be furnished to an employee described in § 28-12-4.3; (2) A record of all deductions made from that

employee's gross earnings during the pay period together with an explanation of the basis or reason for the deductions; and (3) For employers engaged only in the commercial construction industry, a record of the employee's hourly regular rate of pay. As used in this subsection, "commercial construction industry" includes a business that engages in the doing of work or the furnishing of materials, or both, in the building, erection, alteration, or preparation of an improvement on commercial real property. (b) All statements and records required to be furnished to an employee by this section may be furnished as an electronic record. The employer shall furnish to an employee a printed or handwritten record, in lieu of an electronic record, at no cost to the employee, when a written authorization from such employee is provided to the employer.

72. WANG LIN never received a Wage Statement with the that had a statement of hours that he worked during the pay period or any deductions that were taken from his pay.

73. Defendants failed to provide WANG LIN with a wage statement throughout his time that he was employed by them.

74. Defendants knowingly, willfully, and maliciously disregarded the provisions of the RIGL by failing to provide WANG LIN a Wage Statement

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself, and on the behalf of the FLSA Collective Plaintiffs and Rule 23 Class, respectfully requests that this Court enter a judgment providing the following relief:

a) Authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of

issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of his right to join this lawsuit if they believe they were denied premium overtime wages;

      b)     Certification of this case as a collective action pursuant to FLSA;

      c)     Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and their counsel to represent the Collective Action Members;

      d)     A declaratory judgment that the practices complained of herein are unlawful under FLSA and Rhode Island General Law;

      e)     An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

      f)     An award of liquidated and/or punitive damages as a result of Defendants' knowing, willful, and malicious failure to pay wages at least the hourly minimum wage, overtime compensation pursuant to 29 U.S.C. §216;

      g)     An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and RIGL §28-12-18;

      h)     The cost and disbursements of this action;

      i)     An award of prejudgment and post-judgment fees; and

      j)     Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## **DEMAND FOR TRIAL BY JURY**

      Pursuant to Rule 38(b) and 38(c) of the Federal Rules of Civil Procedures, Plaintiffs demand a trial by jury on all questions of facts.


Dated: December 6, 2022
       Flushing, New York

                              TROY LAW, PLLC
                              *Attorneys for the Plaintiff, proposed FLSA*
                              *Collective and potential Rule 23 Class*

                              /s/ Tiffany Troy
                              Tiffany Troy